Dear Honorable Lancaster,
The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question:
Is a clause in an insurance policy providing reduced benefits forunemployed women violative of the Oklahoma Insurance Code?
Certain policies of insurance contain provisions wherein women, who are not gainfully employed at the time of first symptoms of illness or injury leading to an insured loss, may recover less benefits than men similarly situated.
Title 36 O.S. 1204 (1971) Subsection 7(a), (b) and (c) provide as follows:
 (a) Making or permitting any unfair discrimination between individuals of the same class and equal expectation of life in the rates charged for any contract of life insurance or of life annuity or in the dividends or other benefits payable thereon, or in any other of the terms and conditions of such contract.
 (b) Making or permitting any unfair discrimination between individuals of the same class and of essentially the same hazard in the amount of premium, policy fees, or rates charged for any policy or contract of accident or health insurance or in the benefits payable thereunder, or in any of the terms or conditions of such contract, or in any other manner whatever.
 (c) As to kinds of insurance other than life and accident and health, no person shall make or permit any unfair discrimination in favor of particular persons, or between insurers or subjects of insurance having substantially like insuring, risk, and exposure factors, or expense elements, in the terms or conditions of any insurance contract, or in the rate or amount of premium charged therefor. This subsection shall not apply as to any premium rate in effect pursuant to Article IX (Rates and Rating Organizations; Casualty) or Article X (Rates and Rating Organizations; Property).
There may be a logical basis for reducing insurance benefits to persons who, at the time of first symptom, are unemployed or not gainfully employed; however, the Oklahoma Insurance Code, 36 O.S. 101[36-101] et seq. (1971), as amended, prohibits discrimination between insurers of the same class, facing the same hazards and incurring the same risks of loss. Disabilities, loss of life and requirements for medical treatment are common to both genders and, while classifications of risk may be made on a basis of age, physical condition or risk exposure, such classifications must be rational and nondiscriminatory. Classifications of benefits may not be predicated purely on the sex of an insured and be in compliance with the Insurance Code.
It is, therefore, the opinion of the Attorney General that policiesproviding reduced benefits to women who are not gainfully employed at thetime of first symptoms of an insured loss are violative of thediscrimination provisions of the Oklahoma Insurance Code.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
KAY HARLEY JACOBS, ASSISTANT ATTORNEY GENERAL